JOURNAL ENTRY AND OPINION
Appellant, Martha Bisono, seeks to vacate her guilty plea, conviction and sentence for trafficking in drugs, a violation of R.C. 2925.03 (A) (6) on the basis that she is not a U.S. citizen and Judge Ronald Suster failed to advise her of the consequences of her plea; the possibility of deportation. She further claims the judge erred by not sentencing her under the guidelines dictated by S.B. 2. For the following reasons, we disagree and affirm.
On October 13, 1995, Bisono, born in the Dominican Republic and a resident of the Bronx, New York, was arrested in an apartment on Archwood Avenue, Cleveland, Ohio, after having transported a large quantity of heroin from New York by Greyhound bus.
On October 30, 1995, Bisono was indicted on one count each of: (1) possession of a controlled substance, heroin, a Schedule 1 Drug, being in an amount equal to or exceeding 100 times the bulk, R.C. 2925.03 (A) (9); and (2) preparation to ship heroin, R.C.2925.03. After numerous pre-trials and negotiation, Bisono pleaded guilty to an amended count of trafficking in drugs, R.C2925.03 (A) (6), count two was nolled, and the property seized at the time of the arrest was forfeited; $2,720.00 in currency and a mobile pager. Judge Suster sentenced Bisono to a period of three to fifteen years imprisonment with credit for time served. Bisono was also found to be indigent and the mandatory fine waived.
On October 3, 1996, Bisono filed a motion to suspend further execution of sentence, which was denied. On March 19, 1998, she filed a motion to re-sentence, pursuant to S.B. 2, which was also denied. On May 5, 1998, the judge granted Bisono's motion for leave to file a delayed appeal.
 I.
Bisono's first assignment of error is:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO INFORM APPELLANT, A NON-CITIZEN, THAT SHE COULD BE DEPORTED AS A RESULT OF ENTERING A GUILTY PLEA TO A FELONY, PURSUANT TO OHIO REVISED CODE 2941.031 (SIC)
Bisono asserts that the judge committed reversible error when, before accepting her plea of guilty, he failed to address the consequences of her plea as a non-citizen pursuant to R.C.2943.031. Specifically, Bisono asserts she experienced prejudice when she was not informed that her guilty plea may have the consequence of deportation since she was not a U.S. citizen. R.C. 2941.031 provides in pertinent part:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
Bisono is correct in her assertion that R.C. 2943.031 mandates that the judge address the issue of citizenship and deportation before accepting her plea.
This Court has held that:
 [I]n order for R.C. 2943.031 advisements to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation. State v. Thomas (Mar. 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported. This court has held further that there must be some showing of prejudicial effect caused by the trial court's failure to advise a defendant with respect to possible deportation before a motion to vacate a guilty plea will be granted. State v. Guild (Jan. 13, 1994), Cuyahoga App. No. 63407, unreported.
State v. Isleim (August 18, 1994), Cuyahoga App. No. 66201, unreported at 5.
Although the record reflects that Bisono submitted an affidavit asserting that she is not a United States citizen, she does not claim nonimmigrant status. She fails to indicate in what manner she has been prejudiced by the judge's omission, as she faces only the possibility of deportation. Since no deportation order has been issued, and no further prejudice to Bisono can be ascertained from the record, the judge's error was harmless. Statev. Felix (April 17, 1997), Cuyahoga App. No. 70898, unreported. See, also, State v. Browley (September 29, 1994), Cuyahoga App. No. 66038, unreported; State v. Thomas (March 18, 1993), Cuyahoga App. Nos. 63719/63720, unreported.
Accordingly, Bisono's first assignment of error is not well taken.
 II.
Bisono' s second assignment of error states:
 II. THE TRIAL COURT ERRORED (SIC) TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO GIVE APPELLANT THE OPTION OF CHOOSING WHETHER TO BE SENTENCED UNDER THE LAWS THAT WERE IN EFFECT ON OCTOBER 13, 1995, THE DATE OF THE OFFENSE, OR UNDER THE LAWS THAT WERE IN EFFECT ON AUGUST 20, 1996, THE DATE OF SENTENCING.
In this assignment of error, Bisono argues that the trial court erred when it incorrectly sentenced her pursuant to the law in existence at the time of her offense, October 13, 1995, and not to the law subsequent to S.B. 2, which took effect July 1, 1996, prior to her sentencing on August 20, 1996.
In State v. Rush (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, the Ohio Supreme Court was presented with the identical issue at bar, when it looked at the applicability of S.B. 2 to "those defendants who committed crimes prior to, but were convicted after its July 1, 1996 effective date." Id. at 55. The Rush Court concluded that S.B. 2, and its amended sentencing provisions, apply only to those crimes committed on or after July 1, 1996. Id.
Consequently, since Bisono committed her crime on October 13, 1995, prior to the effective date of S.B. 2, the judge properly sentenced her under the law and guidelines effective at the time of her crime.
Bisono's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, PRESIDING JUDGE CONCUR; TERRENCE O'DONNELL,J., CONCURS IN JUDGMENT ONLY.
 ___________________________________ JUDGE ANNE L. KILBANE